**UNITED STATES of America, Appellee,**

v.

**Ibrahim Dende BOROKINNI, Appellant.**

**No. 83–5279.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 5, 1984.
Decided Nov. 16, 1984.

Robert W. Mance, Washington, D.C., for appellant.

Janet K. DeCosta, Sp. Asst. U.S. Atty., Washington, D.C. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before RUSSELL, HALL and WILKINSON, Circuit Judges.

K.K. HALL, Circuit Judge:

Ibrahim Dende Borokinni appeals from his conviction by a jury of importation of heroin in violation of 21 U.S.C. § 952(a) and of possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1). We affirm.

Borokinni was indicted and first tried for importation of heroin and possession of heroin with intent to distribute on August 1, 1983. He asserts that prior to and during that trial, he specifically requested, but was not furnished, certain allegedly exculpatory materials. The trial resulted in a hung jury, and a mistrial was declared.

A second trial was scheduled for September 20, 1983. Meanwhile, Borokinni obtained copies of the allegedly exculpatory materials and offered some of the materials into evidence at his second trial. Notwithstanding this evidence, the jury convicted Borokinni on both counts. He appeals.

■ On appeal, Borokinni contends that as a result of the government's failure to produce the allegedly exculpatory materials during the first trial, he is entitled to have the indictment dismissed. We reject Borokinni's contention as patently spurious. We hold that, assuming Borokinni was entitled to the materials at his first trial,* his remedy for the government's failure to furnish them was a new trial, not an acquittal.

■ Generally, the double jeopardy clause does not prevent the government from forcing a criminal defendant to submit to a second trial where the first trial ended in a mistrial. *United States v. DiFrancesco*, 449 U.S. 117, 130, 101 S.Ct. 426, 433, 66 L.Ed.2d 328 (1980). Nor does the clause prohibit retrial after a conviction has been reversed on any ground other than insufficiency of the evidence. *Id.* at 131, 101 S.Ct. at 434. If Borokinni's first trial

---

* The due process clause requires the government to disclose to criminal defendants favorable evidence that is material either to guilt or punishment. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

had resulted in a conviction which was reversed on the ground that the government withheld materials that it was required to furnish, Borokinni could have been retried. *California v. Trombetta,* —— U.S. ——, 104 S.Ct. 2528, 2533, 81 L.Ed.2d 413 (1984). It makes no difference that Borokinni was retried because the first trial ended in a hung jury. He was not harmed. He got a new trial. The second trial cured any errors in the government's nondisclosure of the materials at the first trial.

Accordingly, Borokinni's convictions are affirmed.

AFFIRMED.